IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 19-42449 |
| KARIM LALANI AND SHIRIN LALANI | § | |
|     DEBTORS | § | CHAPTER 7 |
| | § | |
| NATIONSTAR MORTGAGE LLC D/B/A | § | |
| MR. COOPER, ITS SUCCESSORS AND | § | |
| ASSIGNS | § | |
|     MOVANT | § | |
| VS. | § | |
| KARIM LALANI AND SHIRIN LALANI, | § | |
| DEBTORS AND CHRISTOPHER MOSER, | § | |
| TRUSTEE | § | |
|     RESPONDENTS | | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO
1825 GARRETT DRIVE, CARROLLTON, TX 75010
WAIVER OF SECTION 362(e) REQUIREMENT IF APPLICABLE**

**YOUR RIGHTS MAY BE AFFECTED BY THE RELIEF SOUGHT IN THIS PLEADING. YOU SHOULD READ THIS PLEADING CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU OPPOSE THE RELIEF SOUGHT BY THIS PLEADING, YOU MUST FILE A WRITTEN OBJECTION, EXPLAINING THE FACTUAL AND/OR LEGAL BASIS FOR OPPOSING THE RELIEF.**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING *WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE* SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

**NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER**, ITS SUCCESSORS AND **ASSIGNS** (hereinafter Movant), secured creditor and party in interest to the above-styled bankruptcy proceeding and files this Motion for Relief from Automatic Stay. In support of its Motion, Movant would respectfully shows:

## I. JURISDICTION

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1334 and 11 U.S.C. §§105 and 362.

2. This is a core proceeding under 28 U.S.C. §157(b)(2)(G).

## II. FACTS

3. On September 6, 2019, KARIM LALANI AND SHIRIN LALANI (hereinafter Debtors) filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code, thereby initiating the above-styled Bankruptcy Case. CHRISTOPHER MOSER is the duly appointed and acting Trustee.

4. On November 09, 2007, Karim Lalani executed a Note ("Note") in the original principal amount of $188,700.00, payable to the order of Countrywide Bank, FSB.

5. Concurrently with the execution of the Note, Karim Lalani, and wife, Shirin Lalani, executed a Deed of Trust granting a lien on certain real property ("Property") to secure payment of the Note. The Deed of Trust grants a lien on the Property described as follows:

THE FOLLOWING DESCRIBED REAL PROPERTY SITUATE IN THE COUNTY OF DENTON, AND STATE OF TEXAS, TO WIT: BEING LOT 15, BLOCK 8 OF OAKWOOD SPRINGS ADDITION, PHASE I, AN ADDITION TO THE CITY OF CARROLLTON, DENTON COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET K, SLIDE 288, PLAT RECORDS, DENTON COUNTY, TEXAS; AS AMENDED BY CERTIFICATE OF CORRECTION OF ERROR FILED SEPTEMBER 28, 1994, RECORDED UNDER COUNTY CLERK'S FILE NUMBER 94-R0074415, DEED RECORDS, DENTON COUNTY, TEXAS.

Also known as:
1825 GARRETT DRIVE
CARROLLTON, TX 75010

The Deed of Trust was duly recorded in the DENTON County Deed Records.

6. Debtors allege to be the current owners of record of the Property.

7. Debtors are in default on the obligation to Movant in that Debtors have failed to make installment payments when due and owing pursuant to the terms of the above-described Note.

8. As of September 10, 2019, the status of the indebtedness is as follows:

    a) Debtors are due for June 2019 contractual and subsequent monthly installments. June 1, 2019 through July 1, 2019 payments are $1,658.73 monthly, and August 1, 2019 through September 1, 2019 payments are $2,070.42. The unpaid principal balance due and owing to Movant on the Note is $236,714.14.

    b) Additional fees have been incurred, including, Movant's reasonable attorney fees and costs in an amount allowable by local practice, rule, or order.

### III. RELIEF FROM THE STAY

9. Movant requests that this Honorable Court terminate the automatic stay pursuant to the provisions of the Bankruptcy Code to allow Movant to exercise all of its rights and remedies against the Debtors under state law, including, inter alia, foreclosing its lien on the Property.

10. Movant alleges that cause exists for the lifting of the stay and Movant's interest is not adequately protected. 11 U.S.C. § 362(d)(1).

11. It has been necessary for Movant to hire the law firm of Codilis & Moody, P.C. to collect the debt owed to it through this Court. Pursuant to the Note and Deed of Trust, Movant is entitled to reimbursement of its reasonable attorneys' fees for their services.

12. Movant requests that an Order granting its motion for relief from automatic stay, if such Order should be entered, will be effective immediately upon entry, Rule 4001 (a) (3) is waived, and enforcement of such Order will not be stayed until the expiration of fourteen days after entry of the Order.

13. Movant further requests that an Order granting its motion for relief from automatic stay, if such Order should be entered, will remain in full force and effect if this bankruptcy case is converted to a different Chapter in the United States Bankruptcy Court.

WHEREFORE, PREMISES CONSIDERED, Movant prays that this Court enter an Order granting relief from the automatic stay to allow Movant to exercise and enforce all its rights and remedies against the Debtors as a secured creditor and perfected lienholder to the Property; including, but not limited to, foreclosure and disposition of the Property, payment of costs, expenses, and reasonable attorneys' fees in accordance with the terms of the Note and Deed of Trust, and for such other relief to which Movant may show itself justly entitled, either at law or in equity.

Respectfully submitted,

*Codilis & Moody, P.C.*

By: /s/ Cristina Platon Camarata
Annarose Harding SBOT#24071438
Carron E. Nicks SBOT#01311905
Nicole Bartee SBOT#24007674
Cristina Platon Camarata SBOT#16061560
Lakia S. McCline SBOT#24093485
400 N. Sam Houston Pkwy E, Suite 900A
Houston, TX 77060
Telephone: (281) 925-5200
Facsimile: (281) 925-5300
**ATTORNEYS FOR MOVANT**

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and correct copy of the foregoing Motion for Relief from Automatic Stay, was served on September 20, 2019 to the following parties at the addresses indicated by deposit in the United States Mail, first class postage prepaid, and/or by electronic notice on September 19, 2019.

KARIM LALANI
SHIRIN LALANI
1825 GARRETT DRIVE
CARROLLTON, TX 75010
**DEBTORS**

ERIC A. LIEPINS
12770 COIT ROAD SUITE 1100
DALLAS, TX 75251
**ATTORNEY FOR DEBTORS**

CHRISTOPHER MOSER
2001 BRYAN STREET, SUITE 1800
DALLAS, TX 75201
**CHAPTER 7 TRUSTEE**

UNITED STATES TRUSTEE
EASTERN DISTRICT OF TEXAS
110 NORTH COLLEGE AVENUE
TYLER, TEXAS  75702

**ENTITY WITH INTEREST IN PROPERTY:**
MR COOPER
P.O. BOX 619098
DALLAS, TX 75261

**PARTIES REQUESTING NOTICE:**
SYNCHRONY BANK
C/O PRA RECEIVABLES MANAGEMENT, LLC
PO BOX 41021
NORFOLK, VA 23541

                                            *Codilis & Moody, P.C.*

                                        /s/ Cristina Platon Camarata_____
                                        Annarose Harding SBOT#24071438
                                        Carron E. Nicks SBOT#01311905
                                        Nicole Bartee SBOT#24007674
                                        Cristina Platon Camarata SBOT#16061560
                                        Lakia S. McCline SBOT#24093485
                                        **ATTORNEYS FOR MOVANT**